UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT ANGEROSA, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                               Plaintiff,

                 -against-

MOVING RIGHT ALONG SERVICE, INC. and
JIM RUEDA, individually,

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 18-cv-4810**

Jury Trial Demanded

ROBERT ANGEROSA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs" as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against MOVING RIGHT ALONG SERVICE, INC. ("MRA"), and JIM RUEDA, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.     This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Queens-based moving company and its owner - - as a driver for thirty-five years, from 1983 until March 2018. As described below, throughout the entirety of his employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, during that time, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week throughout the Relevant Period, yet Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours that Plaintiff worked in excess of forty each week, and instead paid him at his straight-time rate of pay for all hours worked.

3. Additionally, Defendants failed to provide Plaintiff with accurate wage statements on each payday, as the NYLL requires.

4. Defendants paid and treated all of their drivers and helpers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result

of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all times during the Relevant Period, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all times during the Relevant Period, Defendant MRA was (and is) a New York corporation located at 101-21 101st Street, Ozone Park, New York 11416.

11. At all times during the Relevant Period, Defendant Rueda was (and is) the owner of Defendant MRA. In that role, Defendant Rueda personally managed and oversaw the day-to-day operations of Defendant MRA, and was (and is) ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Rueda had and exercised the power to hire and fire, and approved all personnel decisions with respect to Defendant MRA's employees, and personally made the decision to hire and fire Plaintiff and directly supervised Plaintiff's work.

12. At all times during the Relevant Period, both Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant MRA's qualifying annual business exceeded $500,000.00, and MRA was (and is) engaged in interstate commerce within the meaning of the FLSA as it employed two or more employees and served clients in several states, including New York, New Jersey, Connecticut, and Pennsylvania, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former drivers and helpers, or those working in a similar role, who at any time during the applicable FLSA limitations period, while working for Defendants, drove vehicles weighing less than 10,001 pounds at least one day in a week, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their

4

respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in willful violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former drivers and helpers, or those working in a similar role, who at any time during the applicable NYLL limitations period, while working for Defendants in New York, drove vehicles weighing less than 10,001 lbs. at least one day in a week ("Rule 23 Plaintiffs").

Numerosity

20. During the previous six years Defendants have, in total, employed at least forty employees who are putative members of this class.

Common Questions of Law and/or Fact

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants furnished Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (8) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as drivers and/or helpers or in other similar positions, and

Defendants did not: pay them overtime pay for all hours worked in a week over forty; and/or provide them with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime compensation for all hours worked over forty in a week, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any driver, helper, or worker employed in a similar position for the Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Defendant MRA is a Queens-based moving company, which moves household furnishings and personal property for customers throughout New York and to and from various states such as New Jersey, Connecticut, and Pennsylvania, and also provides junk removal and bed bug removal services in New York.

29. Defendant Rueda was and is the owner and day-to-day overseer of Defendant MRA, who personally supervised Plaintiff and all other MRA employees during Plaintiff's employment with Defendants.

30. In 1983, Defendant Rueda hired Plaintiff as a driver. Defendants continuously employed Plaintiff in that role until March 2018. Throughout the Relevant Period, Plaintiff performed work for Defendants throughout New York City, including substantial work in Queens and Brooklyn.

31. As a driver, Plaintiff packaged, loaded, and moved household furniture and belongings for Defendant MRA's customers. Plaintiff performed his duties using the following

vehicles: an eight-foot van, a ten-foot van, a twelve-foot van, a seventeen-foot truck, a twenty-foot truck, and a twenty-six-foot flatbed truck.  About twice per week, Plaintiff also went to customers' homes to remove bed bugs, which involved moving and spraying down furniture with various solutions.

32.  At least once per week throughout the Relevant Period and frequently more than that, Plaintiff drove the eight-foot van and/or the ten-foot van to travel to customers' homes to help package their belongings and/or to deliver packaging materials.

33.  At all times throughout the Relevant Period, Defendants required Plaintiff to work Monday through Friday, starting his workday at 7:00 a.m. and working until 6:00 p.m., and on Saturday at least twice per month, starting at 7:00 a.m. and working until 3:00 p.m., without permitting him to take a scheduled or uninterrupted break during his shift.  Thus, by approximation, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did routinely work, approximately fifty-five hours each week in weeks that he did not work on Saturday, and approximately sixty-three hours each week in weeks that he did work on Saturday.

34.  By way of example only, during the week of June 5 through June 11, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without scheduled or uninterrupted breaks:

    Monday, June 5, 2017: 7:00 a.m. until 6:00 p.m.

    Tuesday, June 6, 2017: 7:00 a.m. until 6:00 p.m.

    Wednesday, June 7, 2017: 7:00 a.m. until 6:00 p.m.

    Thursday, June 8, 2017: 7:00 a.m. until 6:00 p.m.

    Friday, June 9, 2017: 7:00 a.m. until 6:00 p.m.

    Saturday, June 10, 2017: 7:00 a.m. until 3:00 p.m.

    Sunday, June 11, 2017: Off

Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-three hours. On at least one of the days in this week, Plaintiff performed work in either an eight-foot or ten-foot van weighing less than 10,001 pounds.

  35. From August 2012 until on or about April 30, 2014, Defendants paid Plaintiff $15.00 per hour for all hours worked per week, including those in excess of forty. Subsequently, from on or about May 1, 2014 until March 2018, Defendants paid Plaintiff $16.00 per hour for all hours worked per week, including those in excess of forty.

  36. At all times throughout the Relevant Period, Defendants failed to pay Plaintiff at the rate of one and one-half times his respective hourly rate of pay for any hours that Plaintiff worked in a week over forty.

  37. Defendants paid Plaintiff on a weekly basis.

  38. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked in a week.

  39. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

  40. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

  41. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46. Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

49. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

52. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

57. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

58. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with wage statements on each payday accurately containing all of the criteria required under the NYLL.

59. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

60. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

61. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    August 23, 2018

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                655 Third Avenue, Suite 1821
                New York, New York 10017
                Tel. (212) 679-5000
                Fax. (212) 679-5005

        By: _____
                JEFFREY R. MAGUIRE (JM 4821)
                ALEXANDER T. COLEMAN (AC 8151)
                MICHAEL J. BORRELLI (MB 8533)